UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARY HOLMES, L.V., and EMPOWER MISSOURI,<br><br>Plaintiffs,<br><br>-*against*-<br><br>ROBERT KNODELL, in his official capacity as Acting Director of the Missouri Department of Social Services,<br><br>Defendant. | No. 2:22-cv-04026-MDH<br><br>PLAINTIFF L.V.'S MOTION TO FILE DECLARATION UNDER SEAL |

### PLAINTIFF L.V.'S MOTION TO FILE DECLARATION UNDER SEAL

As set forth more fully below, Plaintiff L.V. moves the Court to permit her to file her declaration in support of her Motion to Proceed Anonymously under seal.

### Standard of Review

A decision to seal a court record is one "committed to the sound discretion of the trial court." *Webster Groves Sch. Dist. v. Pulitzer Publishing Co.*, 898 F.2d 1371, 1374 (8th Cir. 1990) (affirming district court's decision to seal records with information that could stigmatize or humiliate party if disclosed). In exercising this discretion, a court balances "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1120, 1223 (8th Cir. 2013).

**Relevant Facts and Argument**

A party requesting sealing of a court record can establish that a "a compelling need to seal documents" because disclosure of information "compromises personal safety." *Hart v. ITC Serv. Grp., Inc.*, No. 4:15-CV-00599-DGK, 2017 WL 2728439, at *1 (W.D. Mo. June 23, 2017) (denying request for sealing when parties failed to show document contained highly sensitive matter). Privacy of medical information is also a compelling reason to seal a court record. *See Sandbach v. Rafco Clean, LLC*, No. 4:18CV1722 RLW, 2020 WL 109591, at *3 (E.D. Mo. Jan. 9, 2020) (noting courts routinely seal documents with confidential medical information).

Here, the information contained in the declaration L.V. seeks to file is personal, private and sensitive in nature. They concern her prior history of abuse and her personal medical information, and includes information about her minor children.

**Conclusion**

For the foregoing reasons, Plaintiff L.V. requests that the Court grant her permission to file her declaration under seal and to proceed anonymously in this action.

Dated: St. Louis. Missouri
February 22, 2022

Respectfully submitted,

*/s/ Andrew J. Scavotto*
Andrew J. Scavotto, #57826
J. Nicci Warr, #59975
William R. Wurm, #68912
Zachary T. Buchheit, #71816
Joyce S. Kim, #72746
STINSON LLP
7700 Forsyth Blvd., Suite 1100
Clayton, MO 63105
(314) 863-8600
andrew.scavotto@stinson.com

nicci.warr@stinson.com
william.wurm@stinson.com
zachary.buchheit@stinson.com
joyce.kim@stinson.com

Katherine A. Holley #71939
Jamie L. Rodriguez # 64323
Lisa J. D'Souza # 65515
Legal Services of Eastern Missouri
4232 Forest Park Avenue
St. Louis, Missouri 63108
(314) 534-4200
kaholley@lsem.org
jlrodriguez@lsem.org
ljdsouza@lsem.org

Katharine Deabler-Meadows*
Saima Akhtar*
National Center for Law and
Economic Justice
50 Broadway, Suite 1500
New York, NY 10004
(212) 633-6967
deabler@nclej.org
akhtar@nclej.org

*Counsel for the Plaintiffs*

*Motion for Pro Hac Vice Admission pending*