# DECLARATION OF KIM EVANS
## Pursuant to 28 U.S.C. § 1746

I, Kim Evans, hereby declare as follows:

1. I am a United States citizen and am over the age of 18. I am currently a resident of Cole, Missouri. I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could and would competently testify to the same.

2. I am currently the Director of the Family Support Division of the Missouri Department of Social Services. I work under the Acting Director of DSS, Robert Knodell.

3. As the director of the Family Support Division, I oversee the eligibility of applicants for SNAP benefits, as well as the dispersal of said benefits.

4. To determine eligibility, a household seeking SNAP benefits must submit an application. An application may be submitted by either applying online, e-mailing an application to FSD, mailing a completed application to FSD, by submitting an application to a local resource office, or by faxing a completed application to FSD.

5. After submitting their application, an applicant will need to be interviewed within 30 days. This interview may be completed by answering a phone call from the customer service center made by the predictive dialer, which will be describe further in this declaration.

6. The predictive dialer is used to contact an applicant within three business days of receipt of the application. Once an applicant answers a call from the predictive dialer, the applicant is placed in a queue to speak with an interviewer. The wait times of this queue are average around 2 minutes. If the applicant does not answer the predictive dialer's phone call, then the predictive dialer will leave a voice mail with instructions on how to complete an interview. A notice is also mailed to the applicant advising them of the missed interview and how the interview can be completed and timeframe for doing so. If the applicant misses the call from the predictive dialer, it is the responsibility of the applicant to complete the interview.

7. An applicant can complete an interview in various ways: the applicant may contact the customer service phone line, may schedule an interview online, or by completing an interview at a local resource office, either in person or on the phone. If the applicant attempts to complete the

interview over the phone, the applicant enters a queue in order to speak with the next available interviewer.

8. DSS's phone system logs phone events to the customer service line.

9. An interview may take between 30 minutes and an hour. If the customer service centers phone technology calculates that there is not enough time left in the day to cycle the queue based on the number in the queue and the time it takes to conduct an interview, the applicant will hear an "overflow message" directing them to call another time.

10. This same process is used for recertification of benefits, if an interview is required for the recertification.

11. Halfway through a term of benefits, an applicant must complete a mid-certification review. This process evaluates if there has been a change in conditions, such as income or number of people in a household. [1] On the 5th day of the month prior to the MCR month, a MCR form is sent to the household with notice that the form is due by the end of the month. If the form is not received by the end of the month preceding the last MCR month, another notice is mailed to the household. 10 days prior to the expiration of the MCR month, if the form is not returned, an adverse action notice is sent to the household, informing them that their case will be closed and that benefits will cease at the end of the month. If the failure to return the form results in this adverse action, the household may either file an appeal, or submit a new application for benefits. An interview is not required for an MCR.

12. DSS is committed to ensuring to making reasonable accommodations to individuals with disabilities. DSS has a non-discrimination policy that is posted on its website and posted in local resource offices across the state. For example, there are four non-discrimination policies posted in the Chouteau Avenue office that Plaintiff Mary Holmes visited. The process for filing a complaint is outline in the policy, and this complaint process is included with any adverse action notice. The policy also includes information for making complaints with the DSS Office of Civil Rights either through phone call or through writing.

13. The customer service center has dealt with a large volume of calls and employee turnover in recent years. This has resulted in high wait times

---

[1] https://dssmanuals.mo.gov/food-stamps/1140-000-00/1140-020-00/#:~:text=All%20households%20must%20have%20a,of%20certification%20(MCR%20Month).

to speak with interviewers in the customer service center if individuals miss the predictive dialer call. FSD has several different ways to conduct the interview that mitigate the volume of calls to the customer service center.

14. I have reviewed our records related to Plaintiff Mary Holmes. Plaintiff Holmes, on December 2021, was due for a MCR. A notice was sent on November 6, 2021 to the last address that the FSD had for Plaintiff Holmes, an address she had been using since 2013 and which is used on her newest application filed in January. Plaintiff Holmes never submitted the MCR form despite the various notices being sent to her. Due to this failure to return the MCR form, Plaintiff Holmes's benefits ended on December 31, 2021. Plaintiff Holmes did not seek an administrative review of this action, and instead elected to submit a new application. At the time of that new application, Plaintiff Holmes was not receiving SNAP benefits.

15. Plaintiff Holmes submitted her application on January 11, 2022. A predictive dialer call was made on January 12, 2022 at 10:21 AM, which Plaintiff Holmes did not answer. A voicemail was left at that time. The eligibility system generated a missed interview form was sent on January 12, 2022. Plaintiff Holmes tried later that day to contact the customer service center, and was held in queue for 1 hour and 9 minutes before disconnecting. Plaintiff Holmes made more attempts on January 13, 2022. Her first call in the morning resulted in a wait in the queue for two hours, the second call resulted in a wait on the queue for six minutes. Her third call resulted in Plaintiff Holmes selecting the wrong option, and then her remaining four calls, all after 2:00 pm, resulted in Plaintiff Holmes receiving the overflow message. Plaintiff Holmes tried again on January 14, 2022, and was in the queue for one hour and thirty seven minutes. Plaintiff made another attempt on January 18, and failed to enter information necessary to continue the call. On January 19, the agency sent another notice reminding the participant that an interview is required by February 9, 2022. Plaintiff made an attempt on January 27 at 4:30 pm and received the overflow message. Plaintiff made one final attempt on January 28, 2022, and was held in queue for fourteen minutes and twelve seconds.

16. At this time, I am not aware of FSD having any records to indicate that Plaintiff attempted to schedule an interview nor that Plaintiff attempted to conduct an interview at a local resource center.

17. Since the filing of this lawsuit, Plaintiff L.V. completed an interview and was found to be eligible for benefits. L.V.'s benefits have already been disbursed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed  3-7 , 2022                                  _____Kim Evans_____
                                                              Kim Evans