# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| **MARY HOLMES, L.V., and** | ) | |
| **EMPOWER MISSOURI,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:22-cv-04026-MDH** |
| | ) | |
| **ROBERT KNODELL, in his official** | ) | |
| **Capacity as Acting Director of the** | ) | |
| **Missouri Department of Social Services,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. 33). Defendant moves to dismiss this case arguing the Court lacks subject matter jurisdiction over the current claims and Plaintiffs fail to state a cause of action. Plaintiffs have filed an opposition and the motion is ripe for review.

The Plaintiffs in this action are two individuals and a non-profit organization, Empower Missouri. Plaintiffs bring suit against the acting Director of the Missouri Department of Social Services in order to compel the department to overhaul its call center in order to grant SNAP benefits to more Missourians. The Plaintiffs allege that the call center, and its excessively long wait times and failure to assist callers, deprives Plaintiffs access to SNAP benefits. Plaintiffs allege Defendant's policies and operation of the SNAP program violate the ADA and 42 U.S.C. § 1983.

On March 7, 2022, the Court held a hearing on Plaintiffs' motion for a TRO. Following the hearing and by agreement of the parties, Defendant conducted interviews for the individual plaintiffs and both individual Plaintiffs have now received SNAP benefits. Defendants move to

1

dismiss this case, in part, arguing Plaintiffs' claims are moot because they have now received benefits.

## STANDARD

A motion to dismiss is the proper method to test the legal sufficiency of a complaint. *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). Federal Rule 12(b)(6) states that a party may move for dismissal of all or part of the claims against it if the allegations, taken as true, fail to state a claim for which relief can be granted. The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level" and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P.12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

Defendants move to dismiss Plaintiffs L.V. and Holmes claims as moot arguing they have been granted interviews and are currently receiving benefits. In response, Plaintiffs state their claims are not moot simply because Defendants granted them interviews after the TRO hearing. Plaintiff Holmes alleges she was also entitled to SNAP benefits between the date she submitted

2

her application and her eventual interview that occurred after the TRO hearing and that those claims are not moot. Further, Plaintiffs allege that they will be required to recertify their eligibility within a year (or less) and that the current system, as alleged in their Complaint, will subject them to the same problems with the inability to access SNAP benefits because of the current call center problems raised in their Complaint. Plaintiffs argue until the call center issues are remedied their claims regarding inaccessibility to SNAP benefits remain. The Court has reviewed the allegations in the Complaint and finds that the pending claims are not moot simply because of the interviews conducted after the TRO hearing. The policies, practices, and procedures that Plaintiffs claim violate the ADA and § 1983 are still at issue. The Court finds that Plaintiffs have alleged enough to survive Defendant's motion to dismiss and Defendant's motion to dismiss based on the argument that Plaintiffs' claims are moot is denied.

In addition, Defendant argues plaintiff Empower Missouri does not have standing to bring this suit. To establish standing, Empower Missouri must establish that it has suffered an injury in fact, that the injury is fairly traceable to Defendant's actions, and that it is likely to be redressed by a favorable court decision. See *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 919 (D.C. Cir. 2015) (citation omitted); and *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Defendant argues Empower Missouri cannot establish an injury in fact. An injury in fact is an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs*, 528 U.S. 167, 180 (2000). An organization may establish organizational standing on its own behalf when there is a "concrete and demonstrable injury to the organization's activities—with the consequent drain on the organization's resources." *Havens Realty Corp. v. Coleman*, 455 U.S. 362, 379 (1982); see also *Nat'l Fed. Of Blind of Mo. v. Cross*, 184 F.3d 973, 979 (8th Cir. 1999).

3

To establish organizational standing, Empower Missouri can show direct injury by a diversion of organizational resources to identify or counteract the allegedly unlawful action. *Havens*, 455 U.S. at 379. Diversion of resources can occur when an organization has to use resources that could have been spent on other activities, but instead must divert those resources to address a violation. *Id.* Empower Missouri alleges that Defendant's challenged practices have caused it to divert time and resources to manage its Food Security Coalition. Plaintiff further alleges that in 2021, based on Defendant's improper administration of the SNAP program, Empower Missouri co-founded the SNAP Advisory Group. Empower Missouri contends that it has anticipated spending at least one-sixth of its budget, or more than $100,000, on its anti-hunger work during this fiscal year.

Here, the Court finds Empower Missouri's allegations are sufficient to establish standing to overcome Defendant's motion to dismiss. Plaintiffs allege Empower Missouri has expended significant time and resources addressing Missouri's administration of the SNAP program and challenging its maladministration of the SNAP program and distribution of benefits. Empower Missouri has alleged enough to survive a motion to dismiss.

Finally, Defendant's motion to dismiss also claims it is entitled Eleventh Amendment immunity, that Plaintiffs failed to exhaust their administrative remedies, and that Plaintiffs fail to state a claim under the ADA. A review of Plaintiffs' Complaint under the applicable pleading standards shows Plaintiffs have pled enough to survive a motion to dismiss. Plaintiffs allege ongoing violations and seek prospective declaratory and injunctive relief, they allege systemic failures and the impact of those failures on persons with disabilities, and the Court finds no basis to dismiss for lack of exhaustion.

4

**CONCLUSION**

Wherefore, for the reasons set forth herein, and the arguments raised by Plaintiffs, the Court

**DENIES** Defendant's Motion to Dismiss. (Doc. 33).

**IT IS SO ORDERED.**

Date: July 11, 2022

       */s/ Douglas Harpool*
       **Douglas Harpool**
       **United States District Judge**