# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

MARY HOLMES, L.V., and )
EMPOWER MISSOURI, )
                                    )
              Plaintiffs, )
                                    )
v.                                  )       Case No. 2:22-cv-04026-MDH
                                    )
ROBERT KNODELL, in his official )
Capacity as Acting Director of the )
Missouri Department of Social Services, )
                                    )
              Defendant. )

## ORDER

On June 13, 2022, the Court conducted a telephone conference with the parties regarding a dispute over the process through which Missouri citizens could be interviewed as part of the SNAP application process without being added as parties to this litigation. After the telephone call the parties submitted briefing in support of their positions. After hearing argument from the parties and reviewing the parties' briefs the Court issues the following Order.

During the TRO hearing on March 7, 2022, the parties discussed establishing a process through which Missourians could be interviewed for SNAP benefits without being added as Plaintiffs and filing additional TROs. As part of this discussion, it was proposed that Plaintiffs' counsel would inform Defendant when an applicant had attempted to complete their interview but was unable to do so due to the call center volume, or hold times, that are part of the underlying claims in this case. Plaintiff believed Defendant indicated it would facilitate setting up an interview when an applicant was unable to schedule through the call center.

1

Plaintiffs' counsel now states that when they reached out to Defendant's contact suggesting referrals for applicant interviews Defendant did not agree to the process and has taken the position that Plaintiffs' counsel must sign an authorized representative form for each person prior to scheduling a SNAP interview for any applicant.

The dispute arises from the interpretation of 7 C.F.R. § 273.2(n). The regulation states that "representatives may be authorized to act on behalf of a household in the application process, in obtaining SNAP benefits, and in using SNAP benefits." Plaintiffs argue this regulation creates the role of an authorized representative, who essentially steps into the shoes of a SNAP applicant or recipient, and can participate in every aspect of the SNAP program on the SNAP household's behalf. Citing *Food Stamp Program, Fair Hearings*, 65 Fed. Reg. 70134, 70188 (proposed November 21, 2000) (codified at 7 C.F.R. pt. 273). Plaintiffs argue under this regulation an authorized representative can, on a SNAP household's behalf, complete the SNAP application process and carry out responsibilities such as reporting changes in income. 7 C.F.R. § 273.2(n)(1); see also *Jackson v. Jackson*, 857 F.2d 951, 953 (4th Cir. 1988) (noting in processing a SNAP application a state agency "interviews the household or its authorized representative"). Plaintiffs state under the regulation an authorized representative can even obtain and use SNAP benefits on behalf of the household. *Id.,* citing *United States v. Anh Thi Nguyen*, 497 F. App'x 722, 724 (9th Cir. 2012) (noting authorized retail stores may accept SNAP benefits from an eligible household or an authorized representative in exchange for eligible food).

Plaintiffs argue here counsel is not attempting to obtain, nor asking an applicant to sacrifice, full control over the SNAP application. Rather counsel is merely attempting to facilitate the scheduling of an interview, and provide Defendant with the information needed from the applicant to schedule the interview, when the call center wait times make the process inaccessible.

2

Defendant contends that it has a longstanding requirement that it must receive an authorized representative form before allowing certain advocates to act on behalf of a benefits applicant. The parties disagree regarding the interpretation of the regulation and the phrase "act on behalf of" in the context of counsel for Plaintiffs attempting to facilitate the interview process.

Here, the Court finds that Plaintiffs' counsel reaching out and contacting the Defendant for purposes of setting up an interview and providing the applicant's information to Defendant for purposes of setting up the interview is not acting on behalf the applicant under 7 C.F.R. § 273.2(n). As a result, the Court finds an authorized representative form is not required for this limited process of simply facilitating setting up an interview. However, any active participation in the interview or drafting of documents submitted to the Defendant advocating for the applicant's approval of benefits would constitute acting on behalf of the applicant under 7 C.F.R. § 273.2(n). An authorized representative form would then be required.

The Court has read Defendant's submission and its positions regarding the "significant" decrease in call wait times at the customer service center and the job fairs held to hire more workers to assist in processing applications. The Court agrees that this is a positive step in assisting access to SNAP benefits for Missouri citizens. However, the 56 minute wait time cited is still unacceptably long and particularly burdensome for financially struggling Missouri citizens in need of SNAP benefits. Further, the Court ponders whether any such progress would have been made but for the filing of this lawsuit.

Finally, Defendant argues if counsel for Plaintiffs is allowed to assist in scheduling the interviews counsel may compel Defendant to contact potential household applicants without their knowledge or consent. The Court finds any such potential contact is highly unlikely. However, if

Defendant believes any such conduct has occurred and an interview scheduled without an applicants' knowledge or consent, they should report the incident to the Court.

**IT IS SO ORDERED.**

Date: July 12, 2022

*/s/ Douglas Harpool*

**Douglas Harpool**
**United States District Judge**

4