**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| MARY HOLMES, L.V., and | ) | |
| EMPOWER MISSOURI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-04026-MDH |
| | ) | |
| ROBERT KNODELL, in his official | ) | |
| Capacity as Acting Director of the | ) | |
| Missouri Department of Social Services, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT ROBERT KNODELL**

Defendant Robert Knodell, Acting Director of the Missouri Department of Social Services, through counsel, answer Plaintiff's First Amended Complaint (Doc. No. 88) as follows. Any allegation not explicitly admitted is denied.

**INTRODUCTION**

1.      This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

2.      Defendant denies the allegations in this paragraph to the extent that the characterizations used to describe the effects of the global pandemic are vague and ambiguous.

3.      Defendant denies the allegations contained in this paragraph.

4.      Defendant denies the allegations contained in this paragraph.

5.      Defendant denies the allegations contained in this paragraph.

6.      Defendant denies the allegations contained in this paragraph.

7.      Defendant denies the allegations contained in this paragraph.

Case 2:22-cv-04026-MDH   Document 93   Filed 04/06/23   Page 1 of 29

8.      Defendant denies the allegations contained in this paragraph.

9.      Defendant denies the allegations contained in this paragraph.

10.     Defendant denies the allegations contained in this paragraph.

11.     Defendant denies the allegations contained in this paragraph.

12.     This paragraph does not contain any factual allegations for Defendant to respond to. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

13.     Defendant admits the allegations in this paragraph to the extent that the federal courts may exercise jurisdiction over 42 U.S.C. § 1983 and 42 U.S.C.§ 12133 actions.

14.     Defendant admits that Plaintiffs have brought their actions under the referenced laws alleged in this paragraph. Defendant denies any inference that the Plaintiffs possess or have been deprived of any right inferred in this paragraph.

15.     This paragraph contains a legal conclusion and does not contain any factual allegations for Defendant to respond to. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

16.     Defendant admits that jurisdiction is appropriate in the Western District of Missouri as outlined in this paragraph.

17.     Defendant admits the allegations in this paragraph.

18.     Defendant admits the allegations in this paragraph.

19.     Defendant admits the allegations in this paragraph.

20.     Defendant admits the allegations in this paragraph.

21.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

2

22.     Defendant admits the allegations in this paragraph.

23.     Defendant admits the allegations in this paragraph.

24.     Defendant admits the allegations in this paragraph.

25.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

26.     Defendant admits the allegations in this paragraph.

27.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

28.     Defendant admits the allegations contained in this paragraph.

29.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

30.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

31.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

32.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

33.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

34.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

35.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

36.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

37.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

38.     To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

39.     To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

40.     To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

41.     To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

42.     To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

43.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

44.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

45.    This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

46.    To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

47.    This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

48.    This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

49.    Defendant admits the allegations contained in this paragraph.

50.    Defendant admits the allegations contained in this paragraph.

51.    Defendant admits the allegations contained in this paragraph.

52.    This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

53.    This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

54.    To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

55.    This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

56.    This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

5

57.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

58.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

59.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

60.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

61.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

62.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

63.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

64.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

65.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

66.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

67.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

68.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

69.     To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

70.     To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

71.     To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

72.     To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

73.     To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

74.     To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

75.     To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

76. To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

77. This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

78. This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

79. To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

80. To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

81. To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

82. To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

83. To the extent that that the quotes contained in this paragraph are accurate recitations of law, the Defendant admits the allegations contained in this paragraph. Insofar as this paragraph contains any further inferences, the Defendant denies any such inference.

84.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

85.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

86.     Defendant denies the allegations contained in this paragraph.

87.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

88.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

89.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

90.     Defendant admits that it had no independent mask mandate, but would comply with municipal or local mask mandates. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph this paragraph and therefore deny the same.

91.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

92.     Defendant admits that the department did not have an independent vaccination requirement, but denies any further arguments, inferences, or factual allegations contained in this paragraph.

93.     Defendant denies the allegations contained in this paragraph.

94.     Defendant admits the allegations contained in this paragraph, and further states that applicants may also submit their applications through fax, e-mail, or through the United States Postal Service, and may be interviewed by phone or in person at a resource center.

9

95.     Defendant denies the allegations contained in this paragraph.

96.     Defendant denies the allegations contained in this paragraph.

97.     Defendant denies the allegations contained in this paragraph.

98.     Defendant denies the allegations contained in this paragraph.

99.     Defendant denies the allegations contained in this paragraph.

100.    Defendant denies the allegations contained in this paragraph.

101.    Defendant denies the allegations contained in this paragraph.

102.    Defendant admits the allegations contained in this paragraph.

103.    Defendant denies the allegations contained in this paragraph.

104.    Defendant denies the allegations contained in this paragraph.

105.    Defendant denies the allegations contained in this paragraph.

106.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

107.    Defendant admits the allegations contained in this paragraph to the extent that an interview is required for an initial application. A phone or in-person interview is also required for re-certification, but this interview may be waived for certain applicants. Any further characterizations or inferences contained in this paragraph are denied by the Defendant.

108.    Defendant admits that it operates in accordance with the FNS approved alternative procedure outlined in the On Demand Waiver. Defendant denies any further inferences or allegations contained in this paragraph.

109.    Defendant admits the allegations contained in this paragraph.

110.    Defendant admits the allegations contained in this paragraph.

111.    Defendant admits the allegations contained in this paragraph.

112.     Defendant denies the allegations contained in this paragraph.

113.     Defendant denies the allegations contained in this paragraph.

114.     Defendant denies the allegations contained in this paragraph.

115.     Defendant denies the allegations contained in this paragraph.

116.     Defendant denies the allegations contained in this paragraph.

117.     Defendant denies the allegations contained in this paragraph.

118.     Defendant denies the allegations contained in this paragraph.

119.     Defendant denies the allegations contained in this paragraph.

120.     Defendant denies the allegations contained in this paragraph.

121.     Defendant denies the allegations contained in this paragraph.

122.     Defendant denies the allegations contained in this paragraph.

123.     Defendant admits the allegations contained in this paragraph.

124.     Defendant admits that customer service center metrics are tracked by DSS, but denies any further factual allegations or inferences contained in this paragraph.

125.     Defendant admits the allegations contained in this paragraph.

126.     Defendant admits the allegations contained in this paragraph.

127.     Defendant admits the allegations contained in this paragraph.

128.     Defendant admits the allegations contained in this paragraph.

129.     Defendant admits the allegations contained in this paragraph and states further that YoungWilliams could not perform interviews.

130.     Defendant denies the allegations contained in this paragraph.

131.     Defendant denies the allegations contained in this paragraph.

11

132.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

133.     Defendant admits that the list of questions asked are accurate and further states that an additional question has been added since the filing of this complaint: "Has anyone in your household been convicted of one or more of the following crimes after February 7, 2014? Aggravated sexual abuse; Murder; Sexual exploitation and other abuse of children; Sexual assault." .

134.     Defendant admits the allegations contained in this paragraph.

135.     Defendant denies the allegations contained in this paragraph.

136.     Defendant denies the allegations contained in this paragraph.

137.     Defendant admits the allegations contained in this paragraph.

138.     Defendant admits the allegations contained in this paragraph and further states that the interview is required to know what further information may be required.

139.     Defendant admits the allegations contained in this paragraph.

140.     Defendant denies the allegations contained in this paragraph.

141.     Defendant admits that this Paragraph accurately quotes a portion of the document cited.

142.     Defendant admits that this Paragraph accurately quotes a portion of the document cited.

143.     Defendant admits that this Paragraph accurately quotes a portion of the document cited.

144.     Defendant denies the allegations contained in this paragraph.

145.    Defendant admits that this Paragraph accurately quotes a portion of the document cited.

146.    Defendant admits that this Paragraph accurately quotes a portion of the document cited.

147.    Defendant admits the allegations contained in this paragraph.

148.    Defendant admits that the data cited in this Paragraph is accurate and speaks for itself, but denies any other allegations or implications in this Paragraph.

149.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

150.    Defendant admits the allegations contained in this paragraph.

151.    This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

152.    Defendant denies the allegations contained in this paragraph.

153.    Defendant denies the allegations contained in this paragraph.

154.    Defendant denies the allegations contained in this paragraph.

155.    Defendant denies the allegations contained in this paragraph.

156.    Defendant denies the allegations contained in this paragraph.

157.    Defendant denies the allegations contained in this paragraph.

158.    Defendant denies the allegations contained in this paragraph.

159.    Defendant denies the allegations contained in this paragraph.

160.    Defendant denies the allegations contained in this paragraph.

161.    Defendant denies the allegations contained in this paragraph.

162.    Defendant denies the allegations contained in this paragraph.

163.    Defendant denies the allegations contained in this paragraph.

164.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

165.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same. Further, this paragraph sets forth legal conclusions to which no response is required.

166.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

167.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

168.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

169.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

170.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

171.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

172.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

173.    Defendant admits the allegations contained in this paragraph and states further that re-certification paperwork was sent to the last address reported to the Department.

174.    Defendant admits the allegations contained in this paragraph.

175.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same. Defendant further states that Plaintiff Holmes could also have submitted an application through the United States Postal Service.

176.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

177.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same. Further, Defendant explicitly denies that Plaintiff Holmes was denied the opportunity to request a reasonable accommodation.

178.     Defendant denies the allegations contained in this paragraph.

179.     Defendant admits that Plaintiff Holmes went to a resource center. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny the same.

180.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

181.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

182.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

183.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

184.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

185.     Defendant admits the allegations contained in this paragraph.

15

186.    Defendant denies the allegations contained in this paragraph.

187.    Defendant admits that Plaintiff Holmes was placed on hold, but lacks knowledge as to her place in line and thus denies the same.

188.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

189.    Defendant admits the allegations contained in this paragraph.

190.    Defendant admits that Plaintiff Holmes was placed on hold, but lacks knowledge as to her place in line and thus denies the same.

191.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

192.    Defendant admits the allegations contained in this paragraph.

193.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

194.    Defendant admits the allegations contained in this paragraph.

195.    Defendant admits the allegations contained in this paragraph.

196.    Defendant admits the allegations contained in this paragraph.

197.    Defendant admits the allegations contained in this paragraph.

198.    Defendant denies the allegations contained in this paragraph.

199.    Defendant denies the allegations contained in this paragraph.

200.    Defendant denies the allegations contained in this paragraph.

201.    Defendant admits the allegations contained in this paragraph.

202.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

203.    Defendant denies the allegations contained in this paragraph.

204.    Defendant denies the allegations contained in this paragraph.

205.    Defendant denies the allegations contained in this paragraph.

206.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

207.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

208.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

209.    Defendant admits that Plaintiff L.V. currently qualified for SNAP benefits, and denies all further allegations or characterizations contained in this paragraph.

210.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

211.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

212.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

213.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

214.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

215.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

216.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

217.    Defendant admits the allegations contained in this paragraph.

218.    Defendant denies the allegations contained in this paragraph, as L.V. submitted her application on January 11, 2022.

219.    Defendant admits the allegations contained in this paragraph.

220.    Defendant denies the allegations contained in this paragraph.

221.    Defendant admits the allegations contained in this paragraph.

222.    Defendant admits that Plaintiff L.V. made the referenced calls, but lacks knowledge as to her place in line or that she answered the questioned listed in paragraph 133 and thus denies the same.

223.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

224.    This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

225.    Defendant denies the allegations contained in this paragraph.

226.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

227.    Defendant admits the allegations contained in this paragraph.

228.    Defendant admits the allegations contained in this paragraph.

229.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

230.    Defendant denies the allegations contained in this paragraph.

18

231.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

232.    Defendant admits L.V. has completed her interview and is receiving SNAP benefits, and denies all further allegations or characterizations contained in this paragraph.

233.    Defendant denies the allegations contained in this paragraph.

234.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

235.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

236.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

237.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

238.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

239.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

240.    Defendant admits that Plaintiff Andrew Dallas currently qualified for SNAP benefits, and denies all further allegations or characterizations contained in this paragraph.

241.    Defendant denies the allegations contained in this paragraph.

242.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

243.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

244.     This paragraph sets forth legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

245.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

246.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

247.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

248.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

249.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

250.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

251.     Defendant admits the allegations contained in this paragraph.

252.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

253.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

254.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same. Further, Defendant explicitly denies that Plaintiff Dallas was denied the opportunity to request a reasonable accommodation.

255.    Defendant denies the allegations contained in this paragraph.

256.    Defendant admits calls were received on February 9, 2023, but denies any calls were received on February 8, 2023.

257.    Defendant admits call logs indicate Plaintiff Dallas did not proceed past the language menu on calls made on this date. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

258.    Defendant admits that Plaintiff Dallas was placed on hold, and remained so for twenty seconds before terminating the call, but lacks knowledge as to his place in line.

259.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

260.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

261.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

262.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

263.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

264.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

265.    Defendant denies the allegations contained in this paragraph.

266.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

267.    Defendant admits that Plaintiff Denise Davis currently qualified for SNAP benefits, and denies all further allegations or characterizations contained in this paragraph.

268.    Defendant denies the allegations contained in this paragraph.

269.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

270.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

271.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

272.    Defendant admits Plaintiff Davis submitted three applications, and denies all further allegations or characterizations contained in this paragraph. Defendant further states that Plaintiff Davis is presently receiving SNAP benefits.

273.    Defendant admits Plaintiff Davis submitted an application in November of 2022, and denies all further allegations or characterizations contained in this paragraph.

274.    Defendant denies the allegations contained in this paragraph. Plaintiff Davis spoke with a SNAP representative on more than two occasions, and has completed her interview and is presently receiving benefits.

275.    Defendant admits an application for Plaintiff Davis was registered on December 30, 2022. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny the same.

276. Defendant admits Plaintiff Davis made multiple phone calls. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny the same.

277. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

278. Defendant denies the allegations contained in this paragraph.

279. Defendant denies the allegations contained in this paragraph. Defendant further answers that Plaintiff Davis answered a predictive dialer call on February 1, 2023.

280. Defendant admits that Plaintiff Davis was placed on hold on February 1, 2023, but lacks knowledge as to her place in line and thus denies the same.

281. Defendant admits that Plaintiff Davis was connected with a worker and the call was dropped, and denies all further allegations or characterizations contained in this paragraph.

282. Defendant admits that Plaintiff Davis called back. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny the same.

283. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

284. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

285. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

286. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

287. Defendant denies the allegations contained in this paragraph.

288. Admit Defendant Davis received notices and that her application was denied, and denies all further allegations or characterizations contained in this paragraph.

289. Admit Defendant Davis applied for SNAP benefits on January 30, 2023. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny the same.

290. Defendant denies the allegations contained in this paragraph.

291. Defendant admits the allegations in this paragraph.

292. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

293. Defendant denies the allegations contained in this paragraph.

294. Defendant denies the allegations contained in this paragraph.

295. Defendant denies the allegations contained in this paragraph.

296. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

297. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

298. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

299. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

300. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

301.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

302.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

303.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

304.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

305.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

306.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

307.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

308.    Defendant admits the SNAP Advisory group exists and meets, but denies any inference or characterizations related to any "failures" by the department.

309.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

310.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

311.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

312.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

313.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

314.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

315.     Defendant denies the allegations contained in this paragraph.

316.     Defendant denies the allegations contained in this paragraph.

317.     Defendant denies the allegations contained in this paragraph.

318.     Defendant denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc 33.

2.     Plaintiffs fail to show that they have a private right of action under the waiver offered by the United States Department of Agriculture and accepted by the Missouri Department of Social Services.

3.     To the extent Plaintiffs claim Defendant is liable based upon Defendant's supervisory positions, *respondeat superior* is not a basis of liability under 42 U.S.C. § 1983, in that Defendant did not know that any of the alleged conduct violates the law; that any such conduct creates a substantial risk of harm or injury to Plaintiffs or that Plaintiffs have been harmed or injured; that Defendant did not fail to take sufficient adequate action to prevent such risk from occurring; that Defendant has at all times acted to reduce any of the alleged harms or injuries; and

that none of Defendant's conduct was a substantial factor in causing Plaintiffs' alleged harms or injuries.

4.     The claims against Defendant by private citizens and organizations are barred by the Eleventh Amendment and the doctrine of sovereign immunity, and such immunity applies to any relief requested by Plaintiffs that requires expenditures of state monies through an appropriation by the Missouri General Assembly. Such order would impermissibly place the appropriation power of the Missouri legislature into the hands of the federal courts, violating the separation of powers doctrine. *See* Doc. 33. Plaintiffs' requested relief violates the separation of powers doctrine, as it gives the federal judiciary control over the state legislature appropriation power and federal monies spent to match operation costs by the state and is outside the enumerated powers of the federal courts. *See* U.S.C.A. Const. Art. III §1 et seq *and* 7 U.S.C. §§ 2013(a), 2019, 2025(a); 7 C.F.R. §§ 277.1(b), 277.4.

5.     Plaintiffs fail to state a private cause of action for a 18 U.S.C. § 1983 claim to recover under the Food and Nutrition Act of 2008, an act passed under the Spending Clause, as the Food and Nutrition Act of 2008 does not explicitly provide for a right to private suit to recover under said Act.

6.     Plaintiff Empower Missouri lacks organizational standing.

7.     Plaintiff's Holmes and L,V.'s claims are now moot. *See* Doc. 33. Defendant further states:

     a.     Both Plaintiff Holmes and L.V. have received interviews and are receiving SNAP benefits.

     b.     Neither Plaintiff can establish that any future re-certification interviews cannot be waived.

c.      There is not a likelihood of ongoing harm to either individual Plaintiff.

8.      Defendant incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendant specifically reserves the right to amend his Answer to include additional affirmative defenses at a later time.

Having fully answered, Defendant Knodell respectfully prays that this Court dismiss this action with prejudice and access costs against the Plaintiffs.

Respectfully submitted,

ANDREW BAILEY
Attorney General

/s/ Jason K. Lewis
Jason K. Lewis #66725
Chief Counsel for Governmental Affairs
PO Box 899
207 W. High St.
Jefferson City, MO 65102
Telephone: (314) 340-7832
E-mail: jason.lewis@ago.mo.gov

/s/ Hardin T. Haynes
Hardin T. Haynes #67474
Assistant Attorney General
PO Box 899
207 W. High St.
Jefferson City, MO 65102
Telephone: (573) 751-8811
E-mail: tom.haynes@ago.mo.gov

**Attorneys for Defendant**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 6th, 2023, a true and accurate copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all entered parties.

*/s/ Hardin T. Haynes*
Assistant Attorney General