# EXHIBIT 29

CORE/9990000.8275/183195427.1
Case 2:22-cv-04026-MDH   Document 138-30   Filed 09/22/23   Page 1 of 12

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARY HOLMES, L.V., DENISE DAVIS, ANDREW DALLAS, and EMPOWER MISSOURI, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT KNODELL, in his official Capacity as Acting Director of the Missouri Department of Social Services, <br><br> Defendant. | Case No. 2:22-cv-04026-MDH |

## PLAINTIFF EMPOWER MISSOURI'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

1. Please identify the name and address of the person answering these interrogatories.

**ANSWER:** Mallory Rusch and Christine Woody, PO Box 104900, Jefferson City, MO 65110

2. Please identify the names and addresses of any person you consulted or provided answers or assistance to you relating to your answers to these interrogatories, including specifying on which interrogatories each such person was consulted or provided answers or assistance to you.

**ANSWER:** Other than our legal counsel, we have not consulted with anyone.

1

Case 2:22-cv-04026-MDH   Document 138-30   Filed 09/22/23   Page 2 of 12

3.      Please describe each reasonable accommodation Plaintiff is aware of that other agencies, entities, or organizations have made available to accommodate persons with the same or similar disabilities as individual named plaintiffs.

**ANSWER:** Plaintiff objects to the extent the terms "reasonable accommodation" calls for a legal conclusion and also objects because the phrases "each reasonable accommodation" and "other agencies, entities, or organizations" are vague, overbroad, and not relevant to the claims and defenses in this action. In response to the non-objectionable portion of this interrogatory, Plaintiff states: Empower Missouri does not know about accommodations the individual named plaintiffs require to access services, and does not track accommodations made available by other agencies, entities or organizations to people with disabilities.

4.      Please describe all attempts you believe Defendant or the Department of Social Services has made to alleviate, mitigate, or improve Call Center wait times since January 1, 2019.

**ANSWER:** Plaintiff objects to this interrogatory because it seeks information in the possession of, known to, or otherwise available to Defendant and not available to Plaintiff. In response to the non-objectionable portion of this interrogatory, Plaintiff states: Prior to the filing of this litigation, DSS met regularly with Empower Missouri and other advocates through our Food Security Coalition and SNAP Advisory Group meetings. At those meetings, DSS updated advocates and stakeholders on the call center. DSS also listened to concerns regarding call center issues like high number of deflections and long wait times. DSS also took individual referrals from advocates to assist certain participants with their SNAP issues. However, during

2

those meetings they did not give information about systemic improvements to the call center. DSS no longer attends those meetings.

5. Please describe all efforts you made to communicate call center wait time issues to the Department of Social Services or its employees before you joined as a Plaintiff in this lawsuit.

**ANSWER:** Plaintiff objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to Defendant. In response to the non-objectionable portion of this interrogatory, Plaintiffs states: Empower Missouri has communicated concerns about call center wait times to the Department numerous times by sharing our concerns at Food Security Coalition meetings and SNAP advocacy group meetings, which DSS used to attend. At those meetings, Empower Missouri and other advocates communicated various concerns about DSS operations and the administration of the SNAP program, including call center wait times. The SNAP Advisory Group also dedicated a portion of its meetings to reviewing call center data regarding the extensive wait time and deflection issues. At those meetings, advocates shared concerns about long wait times, deflections, and SNAP applicants not able to access SNAP due to call center issues.

6. Please describe all efforts you made to communicate issues concerning disability access or reasonable accommodations relating to the call center or SNAP benefits to the Department of Social Services or its employees before you joined as a Plaintiff in this lawsuit.

3

**ANSWER:** Plaintiff objects to this interrogatory because the phrase "reasonable accommodations" calls for a legal conclusion and it seeks information in the possession of, known to, or otherwise equally available to Defendant. In response to the non-objectionable portion of this interrogatory, Plaintiffs states: Empower Missouri has not communicated with the Department regarding these issues

7. Describe any specific training that you believe the Department of Social Services should have provided, but did not provide, to its employees regarding disability accommodations, including but not limited to reasonable accommodations and grievance procedures.

**ANSWER:** Plaintiff objects to the extent the terms "disability accommodations," "reasonable accommodations," and "grievance procedures" call for a legal conclusion. Plaintiff further objects that this interrogatory is vague in that Plaintiff does not understand if Defendant seeks information regarding specific training programs or specific training topics or what Defendant seeks in inquiring about "specific training." In response to the non-objectionable portion of this interrogatory, Plaintiffs states: Empower Missouri does not know what trainings DSS has provided to its employees, and has no beliefs about trainings DSS should have provided.

8. Describe any specific training that you believe the Department of Social Services should have provided, but did not provide, to its employees regarding the identification and assessment of disabilities of Applicants, assistance, case management and reasonable

4

accommodations offered or given to applicants with disabilities for purposes of accessing SNAP and/or establishing or maintaining eligibility for SNAP.

**ANSWER:** Plaintiff objects to the extent the terms "identification and assessment of disabilities," and "reasonable accommodations" are vague or call for a legal conclusion; and also objects to the extent the term "case management" is vague and not relevant to the claims and defenses in this action. Plaintiff further objects that this interrogatory is vague in that Plaintiff does not understand if Defendant seeks information regarding specific training programs or specific training topics or what Defendant seeks in inquiring about "specific training." In response to the non-objectionable portion of this interrogatory Plaintiffs states: Empower Missouri does not know what trainings DSS has provided to its employees, and has no beliefs about trainings DSS should have provided.

9. Describe what you believe to be minimum requirements for operating a call center for SNAP benefits, including documents that you believe contain requirements a state agency must follow in order to operate a call center in accordance with the laws that you claim that Defendant or the Department of Social Services violated.

**ANSWER:** Plaintiff objects to the extent this interrogatory by seeking "requirements a state agency must follow in order to operate a call center in accordance with the laws" calls for a legal conclusion. Plaintiff further objects that the phrase "believe to be minimum requirements for operating a call center for SNAP benefits" is vague and overbroad in that the SNAP program encompasses many components most of which are beyond the scope of this lawsuit. Plaintiff accordingly additionally objects that this interrogatory seeks information not relevant to the claims and defenses in this action. In response to the non-objectionable portion of this

5

interrogatory, Plaintiff states that because the call center is the primary way for individuals to complete their interviews, Defendant must ensure the call center has the capacity to offer all SNAP participants an opportunity to speak with someone to complete their interviews in a timely manner.

10. Describe what you believe to be standard practices for operating a call center for SNAP benefits, including documents showing how other states operate similar call centers that you believe are standard or commonplace.

**ANSWER:** Plaintiff objects to the extent the terms "standard practices" and "commonplace" are vague or call for a legal conclusion. Plaintiff further objects that the phrase "believe to be standard practices for operating a call center for SNAP benefits" is vague and overbroad in that the SNAP program encompasses many components most of which are beyond the scope of this lawsuit. Plaintiff accordingly additionally object that this interrogatory seeks information not relevant to the claims and defenses in this action. In response to the non-objectionable portion of this interrogatory Plaintiffs states: Empower Missouri has no beliefs about standard practices for SNAP call centers.

11. Describe what you believe to be best practices for operating a call center for SNAP benefits.

**ANSWER:** Plaintiff objects to the extent the term "best practices" is vague or calls for a legal conclusion. Plaintiff further objects that the phrase "believe to be best practices for operating a call center for SNAP benefits" is vague and overbroad in that the SNAP program encompasses

6

many components most of which are beyond the scope of this lawsuit. Plaintiff accordingly additionally object that this interrogatory seeks information not relevant to the claims and defenses in this action. In response to the non-objectionable portion of this interrogatory Plaintiffs states: Empower Missouri believes a person contacting a SNAP call center should be able to connect with DSS staff immediately and have your eligibility interview conducted. DSS staff who are answering the calls should be well-trained to work with all participants, including individuals with disabilities. The call center should be adequately staffed with veteran staff members. Participants should be able to press a button to identify that they need a reasonable accommodation and the call center should route them to the appropriate staff member who can accommodate their needs.

12. Describe the specific items, actions, or conduct that you believe Defendant or the Department of Social Services should implement to improve the call center.

**ANSWER:** Plaintiff objects that the phrase "should implement to improve the call center" is vague and overbroad in that the Defendant's call center encompasses many components and involves numerous programs beyond SNAP. Plaintiff accordingly additionally object that this interrogatory seeks information not relevant to the claims and defenses in this action. To the non-objectionable portion of this interrogatory, Plaintiff responds: Please see our responses to Interrogatory Nos. 9, 10 and 11.

7

Case 2:22-cv-04026-MDH   Document 138-30   Filed 09/22/23   Page 8 of 12

13. Describe the efforts that you believe the Defendant or the Department of Social Services has taken to address the "hunger crisis" mentioned in Paragraph 86 of the First Amended Complaint.

**ANSWER:** Plaintiff objects to this interrogatory because it seeks information in the possession of, known to, or otherwise equally available to Defendant; and also objects that this interrogatory is not relevant to any claim or defense in this action. In response to the non-objectionable portion of this interrogatory, Plaintiffs states: Empower Missouri doesn't know of anything DSS has done to address the "hunger crisis," but we do know of things DSS hasn't done. For the past several years, DSS has not properly implemented PEBT benefits for low-income children in our state.

DSS has also failed to avail themselves of federal options to make SNAP more accessible to Missourians including requesting a waiver for the able-bodied adults without dependents work requirement and failing to request ongoing approval for P-SNAP benefits during the public health emergency.

14. How much money would have Empower Missouri spent on "anti-hunger work" (as mentioned in Paragraph 307 of the First Amended Complaint) in fiscal year 2022 if it were not for the "issues arising from DSS's administration of Missouri's SNAP program" (as mentioned in Paragraph 304 of the First Amended Complaint)?

**ANSWER:** $160,000.

15. How much money has Empower Missouri spent on "anti-hunger work" (as mentioned in Paragraph 307 of the First Amended Complaint) in fiscal years 2021, 2022, and

8

2023 relating to "issues arising from DSS's administration of Missouri's SNAP program" (as mentioned in Paragraph 304 of the First Amended Complaint)?

**ANSWER:** $96,000.

16. Specifically, how much time has Empower Missouri staff diverted "because of the numerous problems with DSS's administration of the SNAP program" (as mentioned in Paragraph 311 of the First Amended Complaint) and from what other activities has that time been diverted?

**ANSWER:** Christine Woody, Empower Missouri's Food Security Policy Manager, has diverted roughly 20% of her time because of the numerous problems with DSS's administration of the SNAP program. Mallory Rusch, Executive Director, and Holly Honig-Josephson, Policy Director, have diverted roughly 10% of their time.

Staff time has been diverted from proactive policy reform efforts to increase availability of school meals, improve seniors' access to SNAP, and from public education efforts with coalition partners regarding WIC. Instead of this proactive policy work, Empower Missouri staff has to continue to react to SNAP issues created by DSS's administration of the program and the concerns of coalition members about these issues.

17. Describe how Empower Missouri surveys SNAP recipients as described in Paragraph 313 of the First Amended Complaint, including the selection process for survey takers, how questions are formulated, and how results are analyzed.

**ANSWER:** Empower Missouri conducted a one-time survey of SNAP recipients from December 4, 2020-December 21, 2020. The survey was administered by an organization called

Propel, the operators of a financial services app called Fresh EBT. Fresh EBT is a smartphone app available at no cost to SNAP participants to track and manage their SNAP and TANF benefits.

The survey questions were designed by Empower Missouri and Legal Services of Eastern Missouri, and the survey was made available through Fresh EBT to randomly selected individuals who opened the app between December 4, 2020 and December 21, 2020.

The survey was taken by 462 SNAP participants and a summary report was generated by Propel.

18. Please identify each person or witness whom you plan to call to testify at trial and, for each, state the facts and subject matters as to which each person is expected to testify.

**ANSWER:** Plaintiff objects to this interrogatory because it requests information that will not be known until discovery is complete. Plaintiff further objects to this Request to the extent that it requires Plaintiff to disclose information concerning witnesses prematurely and to disclose material protected by the attorney-client privilege and the attorney work-product doctrine. Plaintiff will disclose information concerning witnesses pursuant to the Federal Rules of Civil Procedure, this Court's local rules, and this Court's scheduling orders.

## VERIFICATION OF INTERROGATORY ANSWERS

I, Mallory Rusch, Executive Director of Empower Missouri, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

_Mallory Rusch_ Executive Director   05 / 31 / 2023
**[NAME, TITLE]**                    **[DATE]**

10

Respectfully submitted,

*/s/ Katherine A. Holley*

Katherine A. Holley #71939
Jamie L. Rodriguez # 64323
Lisa J. D'Souza # 65515
Legal Services of Eastern Missouri
701 Market Street, Ste. 1100
St. Louis, MO 63101
(314) 534-4200
kaholley@lsem.org
jlrodriguez@lsem.org
ljdsouza@lsem.org

Katharine Deabler-Meadows*
Saima Akhtar*
National Center for Law and Economic Justice
50 Broadway, Suite 1500
New York, NY 10004
(212) 633-6967
deabler@nclej.org
akhtar@nclej.org

Andrew J. Scavotto, #57826
J. Nicci Warr, #59975
William R. Wurm, #68912
Zachary T. Buchheit, #71816
STINSON LLP
7700 Forsyth Blvd., Suite 1100
Clayton, MO 63105
(314) 863-8600
andrew.scavott@stinson.com
nicci.warr@stinson.com
william.wurm@stinson.com
zachary.bucheit@stinson.com

*Admitted pro hac vice