IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARY HOLMES, DENISE DAVIS, ANDREW DALLAS and EMPOWER MISSOURI, | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) |
| JESSICA BAX, in her official capacity As Acting Director of the Missouri Department of Social Services, | )<br>)<br>) |
| Defendant. | ) |

Case No. 2:22-cv-04026-MDH

## **JUDGMENT (PROPOSED)**

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED:

1. This Judgment is effective immediately and remains in effect indefinitely unless it is modified by order of the Court, the agreement of the parties, or some other binding change in the law.

2. The Court orders that Defendant, in their official capacities, as well as their successors, agents, attorneys, and assigns, and all those in active concert or participation with them, must provide the following relief to Plaintiffs:

    a. Defendant will ensure Supplemental Nutrition Assistance Program (SNAP) applications will be accepted at all times and through all modalities required under law.

    i. Defendant will make applications available at all resource centers, without an individual having to speak to a representative to receive one.

1

ii. Defendant will accept applications in person at resource centers, by mail, and through its electronic application. Individuals will not be required to enter a queue to submit an application.

iii. Defendant will ensure staff understand this requirement by sending a communication to staff at least annually reminding staff of this obligation.

iv. Defendant will create an option in its Interactive Voice Response (IVR) system allowing individuals to request a paper application be mailed to them.

v. Defendant will mail applications requested in this manner within one business day of the request.

vi. Defendant will work directly with Plaintiffs to ensure paper applications are made available at organizations, institutions, and businesses that serve potential SNAP applicants, and which authorize Defendant to do so.

b. Defendant will not deny applicants who have attempted to cooperate with the interview process within thirty days of the date of their applications.

i. An "attempt to cooperate with the interview process" means that an applicant household has been unable to obtain an interview through no fault of their own by taking one of the following actions:

1. Visiting a resource center while a SNAP application is pending, but did not complete an eligibility interview during their visit.

2. Entering the inbound interview call center queue at least twice, providing the same social security number (SSN) or department case number (DCN) each time, and waiting at least thirty minutes each time, prior to abandoning those calls.

3. Calling, providing the same SSN or DCN each time, and being deflected, redirected, or otherwise having their call dropped through no fault of their own from the inbound interview call center queue prior to 4:00 PM on a day the call center is open during normal operating hours.

   ii. If the household has not completed an interview within sixty days of filing its SNAP application, the household will be denied for failure to complete the interview.

   iii. Defendant will continue to provide an administrative remedy in the form of a fair hearing for any individual who believes they were wrongfully denied as outlined in 7 CFR § 273.15.

c. Defendant will create a system that will ensure requests for reasonable accommodations due to disability are appropriately handled as required by the Americans with Disabilities Act (ADA).

   i. Defendant will create a system to ensure requests for reasonable accommodations are tracked for the FSD Income Maintenance Program which administers SNAP.

   ii. Defendant will create a system to ensure reasonable accommodations are provided on an ongoing basis for the FSD Income Maintenance Program

   iii. Defendant will modify the content and placement of its Department of Social Services ADA notices to ensure they meet all applicable legal requirements. Defendant will modify the content and placement of its ADA notices for the FSD

3

Income Maintenance Program which handles all SNAP applications to ensure they meet all applicable legal requirements.

    iv. Defendant will create new training materials directly concerned with the administration of ADA accommodations for the FSD Income Maintenance Program.

    v. Defendant will ensure this training is administered to all FSD staff for the Income Maintenance Program within three months of initial hiring and at least every other year thereafter.

d. Defendant will take the following additional actions:

    i. Defendant will request additional authority from FNS to waive the interview, both for initial applications and re-certifications.

    ii. Defendant will continue to pursue technological solutions aimed at increasing interview capacity.

    iii. Defendant will continue to pursue additional resources, including additional allocated funds for staffing increases and technological solutions.

    iv. Defendant will continue to comply with the terms of the on-demand waiver, including by making face-to-face interviews available upon request at all FSD resource centers.

    v. Defendant will take affirmative steps to provide an interview within forty minutes of an applicant request for an on-demand interview.

    vi. Defendant will take affirmative steps to maintain a failure to complete interview rejection rate of 40% of all SNAP applicants rejected.

3. Within three months of filing this order, Defendant will supply this court with evidence demonstrating the option to request a paper application by mail has been added to the IVR.

4. Within six months of filing this order, Defendant will supply the court with evidence demonstrating the relevant systems and changes to notices regarding accommodation requests for disabilities have been implemented.

5. Compliance, or success, with any of the "additional steps" contained in paragraph 2(d)(i) – (iii) of this order will not be considered when determining whether Defendant has met its obligations under this order.

So Ordered this ____ day of _____, 2025.

_____
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**