UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

CENTRAL DIVISION

| | |
|---|---|
| MARY HOLMES, L.V., and EMPOWER MISSOURI,<br><br>Plaintiffs,<br><br>-*against*-<br><br>JESSICA BAX, in her official capacity as Director of the Missouri Department of Social Services,<br><br>Defendant. | Case No. 2:22-cv-04026-MDH |

## **MOTION TO CLARIFY OR IN THE ALTERNATIVE CERTIFY FOR APPEAL**

### MOTION TO CLARIFY

On February 22, 2022 Plaintiffs filed their initial complaint under 42 U.S.C. § 1983 alleging violations of the Supplemental Nutrition Assistance Program (SNAP) Act and enabling regulations, Due Process Clause, and the American's With Disabilities Act (ADA). An amended complaint was filed on March 22, 2023. Both parties filed motions for summary judgment.

On May 9, 2024, this Court entered an order granting Plaintiffs' motion for summary judgment, but keeping relief open. ECF 161. On May 17, 2024, this court entered an order clarifying that its May 9, 2024, order was not an entry of judgment for purposes of Federal Rule of Civil Procedure 54 because "[w]hile Summary Judgment has been decided on the merits, the Court has yet to order the exact contours of relief awarded to Plaintiffs." ECF 163.

On May 6, 2025, this Court entered its Order regarding remedies. ECF 220. While this order bears many of the hallmarks of a final order, including granting the Plaintiffs 60 days to file a motion for attorney fees, the order also contemplates the possibility of further relief and retains jurisdiction. EFCF 220, p. 6 ("If substantial progress toward the benchmarks set forth in this Order are not demonstrated within a six-month period from the date of this Order, the Court will consider more specific and extensive remedial changes in the administration of the SNAP program.")

Defendant respectfully requests this Court clarify that the Summary Judgment Order (EFF 161) in combination with the Order regarding relief (ECF 220) constitute final judgment in this matter.

ALTERNATIVE MOTION TO AMEND AND CERTIFY FOR APPEAL

Alternatively, if the Court did not intend the two orders to constitute final judgment, Defendant requests this Court amend its order to certify this case for interlocutory appeal under 28 U.S.C. § 1292(b). Under that statute, when a district court "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

appeal from the order may materially advance the ultimate termination of the litigation, [the court] shall so state in writing in such order."

In this case, the Courts orders in combination involve controlling issues of law. All that must be shown in order for a question to be "controlling" is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court. *See, e.g., In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981). The Court's summary judgment order decided all counts in this matter on the merits, and the order on remedies provided relief on all those counts. Thus, they naturally involve a controlling question of law that will materially advance the ultimate termination of the litigation.

Additionally, this matter involves issues there is a substantial ground for difference of opinion. A substantial ground for difference of opinion may be established by a dearth of precedent within the controlling jurisdiction or by conflicting decisions in other circuits. *See, e.g.*, *APCC Servs., Inc. v. Sprint Commc'ns Co., L.P.,* 297 F. Supp. 2d 90, 97 (D.D.C. 2003). In addition to the issues raised in Defendant's first Motion to Certify, ECF 165, there are issues in this case including standing and the appropriate scope of injunctive relief which are currently being litigated across the country. For example, the question of whether a party can obtain standing by diverting resources was questioned by the United States Supreme Court after entry of summary judgment in this matter. In *Food & Drug Admin. v. All. for Hippocratic Med.*, the United States Supreme Court held "an organization that has not suffered a concrete injury caused by a defendant's action cannot spend its way

into standing simply by expending money to gather information and advocate against the defendant's action. An organization cannot manufacture its own standing in that way." *Food & Drug Admin. v. All. for Hippocratic Med.,* 602 U.S. 367, 394 (2024). Plaintiff Empower Missouri's standing was based on similar arguments as those rejected by the Supreme Court in the Alliance for Hippocratic Medicine case.

Finally, regarding materially advancing the ultimate termination of this matter, the relevant inquiry is whether reversal would hasten or at least simplify the litigation in some material way, such as by significantly narrowing the issues, conserving judicial resources, or saving the parties from needless expense." *Nat'l Veterans Legal Servs. Program v. United States*, 321 F. Supp. 3d 150, 155 (D.D.C. 2018). In this case, because this Court determined all of the claims in this case against Defendant on the merits and entered relief regarding all counts. There is nothing left for the this Court to decide beyond enforcement of its order. While the Court has indicated it intended to retain jurisdiction over this matter, any reversal (even a partial one) would simplify the matters before this Court and conserve judicial resources by avoiding continuing at least a portion (if not all) of this litigation.

Because the Court's orders in combination otherwise meet all the requirement of 28 U.S.C. § 1292(b), all that remains is the statutory requirement that this Court explicitly state that in the order. Defendant respectfully requests this Court to amend the May 6, 2025, order to include the necessary certification language.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court clarify that its May 9, 2024, and May 6, 2025, orders constitute final judgment in this matter, or in the alternative this Court amend the May 6 order to certify this case for appeal.

Respectfully Submitted,

ANDREW BAILEY
Attorney General of Missouri

*/s/ Hardin T. Haynes*
Hardin T. Haynes, #67474
*Assistant Attorney General*
Missouri Attorney General's Office
207 W. High Street
Jefferson City, MO 65102

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was forwarded to all attorneys of record via the Court's electronic filing system this 14th day of May, 2025.

*/s/ Hardin T. Haynes*